(155 App. Div. 453.)

SCRANTON & LEHIGH COAL CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 21, 1913.)

MUNICIPAL CORPORATIONS (§ 845*)—LIABILITY OF CITY—INJURY TO PERSONALTY—ALLEGATIONS OF ANSWER.

    Plaintiff, a coal merchant, with canal wharfage rights, claimed that the discharge of sewers by defendant city into the canal impeded navigation to and from plaintiff's premises so as to be a nuisance, and the complaint alleged that, by reason of the premises and defendant's neglect to remove the obstruction in the canal caused by the discharge of its

sewers therein, plaintiff was greatly hampered and delayed in the navigation of coal barges containing its supplies of coal and in their unloading, was put to great expense in bringing the coal barges to its wharf and unloading them, by being compelled to employ extra labor and machinery, and to pay demurrage and wharfage. *Held*, that the complaint did not allege any injury to personalty so as to authorize an action against the city under Greater New York Charter (Laws 1901, c. 466, § 261, as amended by Laws 1906, c. 550), the allegation as to the payment of charges, etc., merely explaining the manner of the impairment of the ordinary use of plaintiff's premises, and being evidentiary in character.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1796–1802; Dec. Dig. § 845.*]

Appeal from Trial Term, Kings County.

Action by the Scranton & Lehigh Coal Company against the City of New York. From a judgment sustaining a demurrer to a part of the answer, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Jesse W. Johnson, of Brooklyn (James D. Bell, of Brooklyn, on the brief), for appellant.

Arnold L. Davis, of New York City (N. Raymond Heater, of New York City, on the brief), for respondent.

JENKS, P. J. The plaintiff, a coal merchant, owns certain premises, with appurtenant wharfage rights, situate upon a tidal canal which is a navigable arm of the waters of New York Harbor, and a public highway. It has used always such premises as a yard and wharf for its business. The defendant has a statutory right to discharge its overflow sewers into the canal, subject to a statutory duty to keep the canal clear of any obstructions consequent to such discharge by dredging it from time to time. Sections 392, 393, Greater New York Charter (Laws 1901, c. 466). The plaintiff complains that such discharge has obstructed the canal materially, and practically has filled up that part of the canal near its premises, thereby obstructing, hindering, and impeding navigation to and from the premises, and thus has made a nuisance which the defendant, in disregard of its statutory ministerial duty, has neglected to abate.

The sole question presented by this appeal is whether the following provision of section 261 of the Greater New York Charter, as amended by Laws 1906, c. 550, applies:

"And in the case of claims against said city, accruing after the passage of this act, for damages for injuries to personal property, or for the destruction thereof, alleged to have been sustained by reason of the negligence of, or by the creation or maintenance of a nuisance by, said city, or any department, board, officer, agent or employé thereof, no action thereon shall be maintained against said city unless such action shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time when and place where the damages were incurred or sustained shall have been filed with the comptroller of said city within six months after such cause of action shall have accrued."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As I read the complaint, the injury charged is to the realty, in that the plaintiff has been deprived of the ordinary proper use thereof in its business, and in that its value has decreased on account of the impairment of access thereto. Such injury does not, of course, affect personal property.

But the appellant's plea is perforce of certain allegations of the complaint as follows:

"That, by reason of the premises and defendant's neglect and failure to remove the obstructions in said canal occasioned by reason of the emptying of said overflow and other sewers into it as aforesaid, the plaintiff was greatly hampered and delayed in the navigation of coal barges containing its supplies of coal to its said wharf and in the unloading of the same, was put to great additional expense in bringing said coal barges to its wharf and unloading the same, being compelled to employ extra labor and additional machinery, tackle, and other appliances for the purpose, was compelled to pay and did pay demurrage and wharfage charges."

By refinement of argument it may be contended that a payment of money for such items and for such charges, which would not have been made but for the nuisance or the neglect to abate it, was the "destruction" of "personal property" in the sense that money is a chattel. But, even if the argument be not too fine and too technical outside of the domain of the political economist, it seems to me that in any event the answer is that the pleader does not seek to recover compensation for such outlay or disbursements, but thus pleads by way of specification under the charge of impairment of the ordinary and proper use of its premises for its business, and that such allegations are evidentiary in character.

The judgment must be affirmed, with costs. All concur.